

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-2-2006

# Francis v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4640

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Francis v. Smith" (2006). *2006 Decisions.* Paper 1645.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1645

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-99                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4640
_____

FREDDIE FRANCIS

v.

JOSEPH V. SMITH

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-1086)
District Judge:  Honorable James M. Munley

_____

Submitted For Possible Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
January 20, 2006

Before:  BARRY, SMITH AND NYGAARD, Circuit Judges.

(Filed: February 2, 2006)

_____

OPINION
_____

PER CURIAM

    Freddie Francis appeals from the District Court's order dismissing his petition for

a writ of habeas corpus under 28 U.S.C. § 2241.  Because Francis' appeal presents no

substantial question, we will grant the Government's motion for summary affirmance.

On August 30, 1999, Francis pleaded guilty to possession with intent to distribute 17.66 grams of cocaine base in violation of 21 U.S.C. § 841(a) and (b)(1)(B). The District Court for the Western District of Louisiana sentenced him to a term of 300 months imprisonment and five years of supervised release. Francis' direct appeal was untimely and the Fifth Circuit Court of Appeals dismissed it for lack of jurisdiction. United States v. Francis, No. 00-30792 (April 12, 2001). He then filed a motion to vacate, modify, or set aside his sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel for failing to file a notice of appeal and that his sentencing violated the rule of Apprendi v. New Jersey, 530 U.S. 466 (2000). His direct appeal was reinstated and the Court of Appeals affirmed his sentence. See United States v. Francis, No. 02-30424 (5th Cir. Oct. 30, 2002). The United States Supreme Court denied certiorari on January 13, 2003. United States v. Francis, 537 U.S. 1144 (2003).

Francis continued to pursue collateral relief from his conviction and sentence. On January 5, 2004, he filed another § 2255 motion claiming ineffective assistance of counsel on a range of issues, implicating the validity of his plea and sentencing, as well as ineffective assistance of counsel on appeal. On October 8, 2004, Francis filed a motion styled as a motion under Fed. R. Crim. Pro. 35, to reduce his sentence due to alleged mistakes at sentencing. Both of these motions were denied.

On May 27, 2005, Francis filed the instant petition for habeas corpus in the District Court for the Middle District of Pennsylvania. In the petition, Francis claims that his plea

2

was not knowing and voluntary and that the plea colloquy did not comply with the requirements of Fed. R. Crim. P. 11. He also claims that the sentencing court misapplied the United States Sentencing Guidelines in his case, resulting in a higher offense level and criminal history score. The District Court dismissed his petition because § 2255 is not inadequate or ineffective to bring his claims. He filed a timely notice of appeal. We will affirm.

Generally, a challenge to the validity of a federal conviction or sentence must be brought in a § 2255 motion. See Davis v. United States, 417 U.S. 333, 343 (1974). The "savings clause" of § 2255 provides that a federal prisoner may proceed under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See § 2255; In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his claims." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). The fact that a petitioner has previously been denied relief, cannot meet the requirements for filing a second or successive § 2255 motion, or is unable to comply with § 2255's statute of limitation, is insufficient to justify proceeding under § 2241. Id.

Francis provides no argument why § 2255 is inadequate or ineffective to bring his current claims. The claims that Francis raises in his current petition are claims that he

3

could have raised on direct appeal or in his previous collateral attacks on his conviction and sentence. In fact, Francis has already challenged the voluntariness of his plea via § 2255, and repeatedly challenged both his offense level and criminal history score. Insofar as he raises claims that have not already been litigated, there is no showing that his failure to raise these claims previously was due to any limitation in the scope or procedure of § 2255. See Cradle, 290 F.3d at 538.

In short, upon consideration of Francis' petition and "Opposition Brief ," we conclude that his appeal presents us with no substantial question. See Third Circuit L.A.R. 27.4 and I.O.P. 10.6. Accordingly, we grant the Government's motion for summary affirmance and will affirm the District Court's order. In light of the disposition of Francis' appeal, the motion for appointment of counsel on appeal is denied.